JOSÉ ERNESTO JANER VILA, Plaintiff and Appellee, *v.* ISIDORO ÁLVAREZ, Defendant and Appellant.

No. 10853.   Argued June 3, 1953.—Decided June 22, 1953.

*L. Morales Contreras* and *Federico E. Virella* for appellant. *Fiddler, González & Nido* for appellee.

MR. JUSTICE ORTIZ delivered the opinion of the Court.

The Superior Court of Puerto Rico, Caguas Section, rendered judgment granting a petition for injunction to recover

possession of an alley which divides the houses of both parties in this suit, and ordered the removal of a door and padlock placed by the defendant at one of the ends of the alley. The trial court ordered defendant to abstain from "preventing plaintiff or his tenants from using said alley," and directed that the possession, use and passage of the alley be restored to plaintiff. The findings of fact of the trial court are the following:

"1.—That plaintiff has been in possession since 1941, as owner of the urban property or house marked number 26 at Gautier Benítez Street, in Caguas, which is bounded on the south by a house owned by defendant. It is a two-story masonry house.

"2.—Between the houses of plaintiff and defendant there is a strip of land or alley three feet wide. Part of this alley is paved from the entrance at the sidewalk up to the rear of the house which is a small one-story frame house, zinc-roofed, marked number 26 of the same street, owned by defendant, and used as a butcher's stall. From there on the alley is not paved.

"3.—The alley described runs from east to west, that is, from the front to the rear of the houses. Approximately 65 feet from the entrance, that is, from the inner part of the sidewalk, there is a door in plaintiff's house which leads to and communicates with the alley. This door is the entrance to a bathroom. In addition, there are attached to the wall of plaintiff's house three water connections or galvanized pipes which run west to east from plaintiff's house along the alley to the sidewalk where the water meter is located.

"4.—Plaintiff's house on the first floor has six windows with iron bars and shutters which open inwardly. In the upper story there are three windows which also open inwardly, and another opening out to the alley or yard of defendant's house.

"5.—That plaintiff through his tenants made use of the alley described until the end of December 1949 or the beginning of January 1950, when defendant put up a gate or door with a padlock. Formerly there was a walking gate with no padlock.

"6.—Both the tenants of the plaintiff as well as those of the defendant were accustomed to use and travel through the alley to fulfill their respective needs, the former to go to the

bathroom and the latter to go to the yard to attend a small pen for chicken and cattle kept to be butchered.

"7.—That towards the end of December 1949 or the beginning of January 1950, defendant put up a door or gate with padlock which prevented the use and interrupted the passage of plaintiff's tenants through the alley, giving rise to the present action.

"Not only has the evidence introduced by plaintiff convinced us satisfactorily that his tenants used the alley, but also part of defendant's evidence corroborates this conclusion.

"Witness for the defendant, Gonzalo Figueroa, owner of the butcher's stall located in the house owned by defendant which adjoins that of plaintiff, testified that the tenants of the latter used and were using the alley until the traffic was closed bv defendant when he padlocked the door."

Defendant-appellant has assigned the following errors:

"1.—The lower court erred in sustaining the complaint;

"2.—The lower court erred in sustaining the complaint, since it appears from the evidence as disclosed by the findings of fact and conclusions of law that the plaintiff as well as the defendant were in the actual possession of the property which is the object of this suit;

"3.—The lower court erred in failing to dismiss the complaint in view of the application of § 374 of the Civil Code of Puerto Rico;

"4.—The lower court clearly abused its discretion by imposing attorney's fees on appellant in the amount of One Hundred Dollars."

The essential ground on which defendant relies for attacking the complaint and the judgment is that, accepting as true the findings of fact set forth by the court below to the effect that the tenants of both parties used the alley in question, an injunction suit to recover possession in this case may not be brought in view of the provisions of § 374 of our Civil Code.

■■ Before considering the application of that Section to the facts of this case, it would not be fruitless to recall a postulate which has become an integral part of our legal

tradition and of our judicial folklore. That postulate provides that in an injunction suit to recover possession only the fact of possession, not the right to possession, may be litigated since the purpose of a possessory action is solely to protect the fact of possession without prejudicing the rights of interested parties to defend their rights in the proper plenary suit. *Heirs of Figueroa* v. *Hernández*, 72 P.R.R. 474; *Rodríguez* v. *Suárez*, 71 P.R.R. 681; *Martínez* v. *Martínez*, 68 P.R.R. 191; *Otero* v. *Sales*, 68 P.R.R. 254; *Maldonado* v. *Colón*, 68 P.R.R. 317; *Rivera* v. *Cancel*, 68 P.R.R. 339; *Mena* v. *Llerandi*, 70 P.R.R. 163; *Martorell* v. *Municipality*, 70 P.R.R. 358.[1]

■■ It also has been held specifically that the use of a road or alley may be protected in a possessory action. *Rodríguez* v. *Suárez*, *supra; Echevarría et al.* v. *Saurí*, 38 P.R.R. 661; *Roman Catholic Church* v. *Puig*, 52 P.R.R. 747; *Mario Mercado e Hijos* v. *Chardón*, 57 P.R.R. 438; *Fernández* v. *González*, 41 P.R.R. 719.

A possessory action has been sustained to determine the use and enjoyment of a road or alley even if it is used by several persons. *Rodríguez* v. *Suárez*, *supra; cf. García* v. *González*, 47 P.R.R. 886. In these cases it is the individual use by the plaintiff for which protection is sought, since the fact that other persons used the road does not exclude the possibility that the plaintiff as a matter of fact also used it. The material possession does not lose its na-

---

[1] There are several reasons which justify the provisional and temporary protection of possession, as a real fact, even if the possession by plaintiff has been acquired unlawfully. Lafaille, *Derechos Reales*, Vol. 1, p. 203. There is especially a question of public policy which requires the judicial protection of the immediate possession even if the possession should be illicit. The status quo is thus retained until the person claiming to be the real owner files a plenary action since the real owner can not take justice into his own hands. *Martorell* v. *Municipality*, 70 P.R.R. 358, 363, 364. Furthermore, the fact that in a particular case a possession may be illegal, does not exclude the likelihood that in the majority of the cases possession is a sign of ownership. Following the general principle of the cases, the rule of protection of immediate possession has been statutorily established.

ture of real possession merely because it is not exclusive. But appellant calls our attention to § 374 of our Civil Code which provides as follows:

"Possession, as a fact, cannot be recognized in two different personalities, unless in cases of indivisibility. If a question arises regarding the fact of possession, preference shall be given to the present possessor; if there be two possessors, to the one longest in possession; if the dates of the possessions coincide, to the one presenting a title; and when all these conditions are equal, the thing shall be placed in deposit or judicial keeping, whilst the possession or ownership be determined through proper proceedings."

The aforesaid Section, "the work of abstraction and theoretical, rather than the compulsion of reality" (8 Scaevola 375, fifth edition), does not exclude the possibility of actual possession in two distinct persons as a matter of fact, but rather provides that for certain purposes the law will not recognize possession in more than one person. *Gómez* v. *López*, 55 P.R.R. 785. Actually, two or more persons may contemporaneously have material possession or tenancy of a thing, as for example, in the present case where an alley is used by several persons. But § 374 tells us that the law does not recognize co-possession by several persons. That Section must be construed rationally, that is, not to exclude the effectiveness of the reality of common possession in certain cases. That is why the sphere of action of § 374 must be restricted to certain situations and certain purposes. Its area of application should cover those cases in which the exclusiveness of possession may be necessary in order to give rise to particular legal consequences, such as acquisitive prescription by possession as owner. 4 Manresa, p. 216, sixth edition: "This rule suggests that the entire Section is written with the preconceived but unuttered idea that it is intended to apply to the possession as owner." Section 374 has the limited function of determining the special conflicts of possession when two or more possessions are in dis-

pute and claim to be exclusive in order to base the right of ownership on that ground. 4 Manresa, p. 219, sixth edition; 8 Scaevola, pp. 367, 375, fifth ed. That Section applies to those cases in which there is a conflict of possession when the issue is "the right to the actual possession" and not the actual fact of possession in itself, (Manresa, *op. cit.*, p. 222), that is, where the "right to the fact of possession" may be invoked to acquire ownership rights.

Section 374 should not be applied to an injunction suit to recover or retain possession, like the one in the case at bar. A possessory action refers only to the reality of the possession in itself and does not require the possession to be exclusive. Exclusiveness is a function of legal consequences. In the possessory action there is no need to anticipate the legal consequences, since the action does not determine whether the possession is sufficient to characterize it as held by the owner. It protects the possession and nothing more, even if it is not exclusive. The possessory action is not a controversy on the "right to the possession as a fact," but "merely deals with the reality of an ejection already consummated or of acts revealing the intention of bringing it about," and the only purpose of the action is to restore to possession or to prevent an ejection without taking into consideration any juridical reasons of facts, such as are contemplated by § 374. (Scaevola, *op. cit.*, p. 368.) The possessory action protects the fact and the appearance of possession, without taking into consideration its origin or its nature or whether it is legal. Lafaille, *Derechos Reales*, Vol. 2, p. 220.

In synthesis, the scope of action of § 374, in a petition for exclusiveness in possession, refers to the right of possession as a fact and as a basis for consolidation of ownership, but it does not extend to the real fact of possession which is the object of the possessory action. The latter action protects possession whether or not it is exclusive or whether it is shared with other persons. The fact that a defendant

uses a road together with a plaintiff must not bar the possessory action proceeding if the defendant has deprived the plaintiff from use of the road. The use does not lose the characteristic of real possession merely because it is not exclusive.

In *Gómez* v. *López*, *supra*, a possessory action over an alley which was used by both parties was dismissed, but an allegation of ownership rights was raised which it was held could not be determined in an injunction to recover possession. That judgment was not based on the fact that there existed a common possession, but on the fact that questions of law had been raised. The case cited, therefore, does not apply to the facts of the case before us, nor does § 374 of our Civil Code.

The trial court did not err in sustaining the complaint and considering all the circumstances of the case, it did not err in ordering defendant to pay plaintiff the amount of $100 as attorney's fees.

The judgment appealed from is affirmed.